**SHER TREMONTE** LLP

October 9, 2024

**VIA ECF**

Hon. Colleen McMahon
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

        **Re**:   *United States v. Rui-Siang Lin*,
               No. 24 Crim. 178 (CM)

Dear Judge McMahon:

      We represent Rui-Siang Lin, the defendant in the above-referenced matter. We write to the Court, to respectfully request an exemption from the Protective Order, ECF No. 11. Specifically, Paragraph 4 of the Protective Order provides that the defense shall use Disclosure Material solely "for the purpose of defending the action." *Id.*, ¶ 4. Further, Paragraph 11 of the Protective Order provides that the defense shall not provide any Disclosure Material to any foreign persons or entities, except . . . if the Court authorizes such disclosure on a case-by-case basis." *Id.* In this instance, we respectfully request that the Court authorize disclosure of the document that we are separately providing under seal by email to the Court and counsel for the government to Taiwanese counsel for Mr. Lin's mother.

      By way of background, when Mr. Lin was arrested in May of this year, his cryptocurrency accounts hosted by Binance and Kraken were seized. The attached document indicates that, at the time of the seizure, the total USD value of the Binance account was $3,904,55.58. At the same time, the government alleged that Incognito Marketplace, the dark web marketplace of which Mr. Lin is alleged to have been an administrator, transacted approximately $80,000 in cryptocurrency. Compl. ¶ 18.e. Of that revenue, the government alleged that approximately $3,351,343 went to a cryptocurrency wallet that the government alleged was owned or controlled by Mr. Lin. *Id.* ¶ 24(c)(ii). Accordingly, the amount of funds in Mr. Lin's Binance wallet alone when it was seized exceeded the amount the government alleged that he profited from Incognito Market. The difference, we believe, is derived from legitimate cryptocurrency investments that Mr. Lin has pursued since well before any of the alleged conduct took place.

---

[1]     This document is not designated as Attorney's Possession Only Material or Attorney's Eyes Only Material pursuant to the Protective Order. *See* ECF No. 11, ¶¶ 2–3.

Hon. Colleen McMahon
October 9, 2024
Page 2

This information is important to share with the Taiwanese lawyer for Mr. Lin's mother because, since his arrest, her bank accounts in Taiwan have been frozen and Taiwanese law enforcement has advised her lawyer that they are seeking to bring money laundering charges against her. We are informed that this is based on certain transfers made from Mr. Lin's bank account in Taiwan to his mother's bank account. Even assuming the truth of the government's allegations of profits to Mr. Lin from Incognito Marketplace, the attached document will be helpful for his mother to establish that the funds in these bank accounts were *not* proceeds of any illegal activity and instead were derived from Mr. Lin's legitimate investment activity. To the extent she is able to so establish, those funds may become available for payments to counsel in the instant case and are thus important for Mr. Lin's defense. Further, as Mr. Lin's counsel, we obviously have a common interest with his mother's counsel in preventing her prosecution in Taiwan.

Accordingly, in order to aid Taiwanese counsel, we respectfully request permission to share Exhibit A. If the Court grants this request, we will provide a copy of the Protective Order to Taiwanese counsel and obtain their assurance that they will abide by all the terms of the Protective Order. Further, to the extent the redacted letter filed by the government on October 1, 2024 bears on this request, we respectfully request that the Court order that letter unsealed so that we may provide a response to it.

We appreciate the Court's consideration.

Respectfully submitted,

/s/*Noam Biale*

Noam Biale
Katie Renzler

*Attorneys for Rui-Siang Lin*