UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x

UNITED STATES OF AMERICA

          - v. -

RUI-SIANG LIN,
  a/k/a "Ruisiang Lin,"
  a/k/a "林睿庠,"
  a/k/a "Pharoah,"
  a/k/a "faro,"

          Defendant.
------------------------------------- x

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO SPECIFIC
PROPERTY/
**MONEY JUDGMENT**

24 Cr. 178 (CM)

WHEREAS, on or about March 26, 2024, RUI-SIANG LIN (the "Defendant"), was charged in a four-count Sealed Indictment, 24 Cr. 178 (CM) (the "Indictment"), with continuing criminal enterprise, in violation of Title 21, United States Code, Sections 848(a), 848(b), 848(c) (Count One); narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count Two); money laundering – concealment, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), and 2 (Count Three); and conspiracy to sell adulterated and misbranded medication, in violation of Title 18, United States Code, Section 371 (Count Four);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly as a result of the offense charged in Count One of the Indictment; any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count One of the Indictment; and any and all interest in, claims against, and property and contractual rights affording a source of control over the continuing criminal enterprise described in Count One of the Indictment, including but not limited to a sum of money in United States currency, representing the amount of proceeds traceable to the commission of the offense

charged in Count One of the Indictment, including various specific property (the "Indictment Property");

WHEREAS, the Indictment included a forfeiture allegation as to Count Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting or derived from, any proceeds obtained, directly or indirectly as a result of the offense charged in Count Two of the Indictment, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count Two of the Indictment, including but not limited to a sum of money in United States currency representing the proceeds traceable to the commission of the offense charged in Count Two of the Indictment, and the Indictment Property;

WHEREAS, the Indictment included a forfeiture allegation as to Count Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count Three of the Indictment, including but not limited to a sum of money in United States currency representing the proceeds traceable to the commission of the offense charged in Count Three of the Indictment, and the Indictment Property;

WHEREAS, the Indictment included a forfeiture allegation as to Count Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 334 and Title 28, United States Code, Section 2461(c), of any and all drugs that were adulterated or misbranded when introduced into or while in interstate commerce or while held for sale (whether or not the first sale) after shipment in interstate commerce, or which may not, under the provisions of section 311, 344, or 355 of this title, have been introduced into interstate

commerce, including but not limited to a sum of money in United States currency representing the value of such property;

WHEREAS, on or about December 16, 2024, the Defendant pled guilty to Counts Two through Four of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts Two through Four and agreed to forfeit to the United States: (i) a sum of money equal to $105,045,109.67 in United States currency, representing: (a) pursuant to Title 21, United States Code, Section 853, property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count Two of the Indictment, any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count Two of the Indictment; (b) pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in the offense charged in Count Three of the Indictment, or any property traceable to such property; (c) pursuant to Title 21, United States Code, Section 334 and Title 28, United States Code, Section 2461(c), the value of any and all drugs that were adulterated or misbranded drugs in the offense charged in Count Four of the Indictment; (ii)

    a. Approximately .5 Monero maintained at Limestone Server Bearing IP Address 74.63.195.162 with Monero Wallet bearing file path "/root/.bitmonero/wallets/incognito";

    b. Approximately 30.62887372 Monero maintained at Limestone Server Bearing IP Address 74.63.195.162 with Monero Wallet bearing file path "/root/.bitmonero/wallets/incognito";

    c. Approximately 19.115533942311 Monero maintained at Limestone Server Bearing IP Address 74.63.195.162 with Monero Wallet bearing file path "/root/.bitmonero/wallets/incognito";

d. Approximately 0.00098164 Bitcoin maintained at Limestone Server Bearing IP Address 74.63.195.162 with Wallet Name "Antinalysis";

e. Approximately 0.029 Bitcoin maintained at Limestone Server Bearing IP Address 74.63.195.162 with Wallet Name "Antinalysis";

f. Approximately 0.04356501 Bitcoin maintained at Limestone Server Bearing IP Address 74.63.195.162 with Wallet Name "Incognito-2";

g. Approximately 0.03614066 Bitcoin maintained at Limestone Server Bearing IP Address 74.63.195.162 with Bitcoin Wallet Labeled as "Incognito-3";

h. Approximately 0.04393044 Bitcoin maintained at Limestone Server Bearing IP Address 74.63.195.162 with Bitcoin Wallet Labeled as "Incognito-3";

i. Approximately 253.7279529 Binance Coin seized from Nest Services Limited (d/b/a Binance) Account with User ID 37817359;

j. Approximately 19.32802653 Bitcoin seized from Nest Services Limited (d/b/a Binance) Account with User ID 37817359;

k. Approximately 100.0000096 Ethereum seized from Nest Services Limited (d/b/a Binance) Account with User ID 37817359;

l. Approximately 1062671.01 Tether seized from Nest Services Limited (d/b/a Binance) Account with User ID 37817359;

m. Approximately 0.99357824 Binance Coin seized from Nest Services Limited (d/b/a Binance) Account with User ID 281631139;

n. Approximately 0.02008986 Bitcoin seized from Nest Services Limited (d/b/a Binance) Account with User ID 281631139;

o. Approximately 0.148863 Ethereum seized from Nest Services Limited (d/b/a Binance) Account with User ID 281631139;

p. Approximately 7803.290432 Tether seized from Nest Services Limited (d/b/a Binance) Account with User ID 281631139;

q. Approximately 1.528 Solana seized from Nest Services Limited (d/b/a Binance) Account with User ID 281631139;

r. Approximately 87.91381874 Binance Coin seized from Nest Services Limited (d/b/a Binance) Account with User ID 832860427;

s. Approximately 57.6825 Ethereum seized from Nest Services Limited (d/b/a Binance) Account with User ID 832860427;

t. Approximately 530985.3395 Tether seized from Nest Services Limited (d/b/a Binance) Account with User ID 832860427;

u. Approximately 1926.519 Solana seized from Nest Services Limited (d/b/a Binance) Account with User ID 832860427;

v. Approximately 500,459.18 Tether seized from Payward, Incorporated (d/b/a Kraken) Account AA39 N84G HES7 WXWY;

w. Approximately $509,025.98 seized from Payward, Incorporated (d/b/a Kraken) Account AA39 N84G HES7 WXWY;

x. Approximately 0.9999859 Bitcoin Deposited at Fixed Float and associated with Transaction ID 9B1769C5A0E8FF4BF8897C98F34EFBE8B5D65EE12BE3983799AD1CB406C11807;

y. Approximately 0.13650221 Bitcoin Wallet Identified as "feefilter" with Seed Words Beginning with "enter," "crunch," etc. Maintained on Kingston drive bearing serial number 203775042949;

z. Approximately 0.21726726 Bitcoin Wallet Identified as "bisq" with Seed Words Beginning with "ranch," "oven," etc. Maintained on Kingston drive bearing serial number 203775042949;

aa. Approximately 4.867379568382 Monero Wallet Identified as "exchange" with Seed Words Beginning with "huddle," "neither," etc. Maintained on Kingston drive bearing serial number 203775042949;

bb. Approximately 131.834890201449 Monero Wallet Identified as "exchange" "account 4" with Seed Words Beginning with "huddle," "neither," etc. Maintained on Kingston drive bearing serial number 203775042949;

cc. Approximately 0.02782216 Monero Wallet Identified as "filter" with Seed Words Beginning with "dosage," "exit," etc. Maintained on Kingston drive bearing serial number 203775042949;

dd. Approximately 0.49987752 Monero Wallet Identified as "potluck" with Seed Words Beginning with "wield," "ticket," etc. Maintained on Kingston drive bearing serial number 203775042949;

ee. Approximately 2.381063213 Ethereum (ETH) Maintained on Kingston Thumb Drive bearing serial number 203775042949 with seed words beginning with "camera," "into," etc.;

ff. Approximately 108072.886701888 KarratCoin (KARRAT) Maintained on Kingston Thumb Drive bearing serial number 203775042949 with seed words beginning with "camera," "into," etc.;

gg. Approximately 0.236214021997997 Ethereum (ETH) Maintained on Kingston Thumb Drive bearing serial number 203775042949 with seed words beginning with "camera," "into," etc.;

hh. Approximately 6083.15111 Aave Ethereum USDC Maintained on Kingston Thumb Drive bearing serial number 203775042949 with seed words beginning with "camera," "into," etc.;

ii. Approximately 4424.71176944327 Aave Ethereum DAI Maintained on Kingston Thumb Drive bearing serial number 203775042949 with seed words beginning with "camera," "into," etc.;

jj. Approximately 3390.883559 Aave Ethereum USDt Maintained on Kingston Thumb Drive bearing serial number 203775042949 with seed words beginning with "camera," "into," etc.;

kk. Approximately 344.446 Aave Ethereum LUSDt Maintained on Kingston Thumb Drive bearing serial number 203775042949 with seed words beginning with "camera," "into," etc.;

ll. Approximately 0.0098314041323920 Ethereum (ETH) Maintained on Kingston Thumb Drive bearing serial number 203775042949 with seed words beginning with "camera," "into," etc.;

mm. BoredApeKennelClub 7140 Non-Fungible Token Maintained on Kingston Thumb Drive bearing serial number 203775042949 with seed words beginning with "camera," "into," etc.;

nn. My Pet Hooligan 569 Non-Fungible Token Maintained on Kingston Thumb Drive bearing serial number 203775042949 with seed words beginning with "camera," "into," etc.;

oo. My Pet Hooligan 2330 Non-Fungible Token Maintained on Kingston Thumb Drive bearing serial number 203775042949 with seed words beginning with "camera," "into," etc.;

pp. My Pet Hooligan 7895 Non-Fungible Token Maintained on Kingston Thumb Drive bearing serial number 203775042949 with seed words beginning with "camera," "into," etc.;

qq. My Pet Hooligan 7875 Non-Fungible Token Maintained on Kingston Thumb Drive bearing serial number 203775042949 with seed words beginning with "camera," "into," etc.;

rr. My Pet Hooligan 8112 Non-Fungible Token Maintained on Kingston Thumb Drive bearing serial number 203775042949 with seed words beginning with "camera," "into," etc.;

ss. My Pet Hooligan 6528 Non-Fungible Token Maintained on Kingston Thumb Drive bearing serial number 203775042949 with seed words beginning with "camera," "into," etc.;

tt. My Pet Hooligan 24 Non-Fungible Token Maintained on Kingston Thumb Drive bearing serial number 203775042949 with seed words beginning with "camera," "into," etc.;

uu. My Pet Hooligan 7158 Non-Fungible Token Maintained on Kingston Thumb Drive bearing serial number 203775042949 with seed words beginning with "camera," "into," etc.;

vv. My Pet Hooligan 5886 Non-Fungible Token Maintained on Kingston Thumb Drive bearing serial number 203775042949 with seed words beginning with "camera," "into," etc.;

ww.     My Pet Hooligan 6067 Non-Fungible Token Maintained on Kingston Thumb Drive bearing serial number 203775042949 with seed words beginning with "camera," "into," etc.;

xx. My Pet Hooligan 3904 Non-Fungible Token Maintained on Kingston Thumb Drive bearing serial number 203775042949 with seed words beginning with "camera," "into," etc.;

yy. My Pet Hooligan 1585 Non-Fungible Token Maintained on Kingston Thumb Drive bearing serial number 203775042949 with seed words beginning with "camera," "into," etc.;

zz. My Pet Hooligan 2963 Non-Fungible Token Maintained on Kingston Thumb Drive bearing serial number 203775042949 with seed words beginning with "camera," "into," etc.;

    aaa.    My Pet Hooligan 7474 Non-Fungible Token Maintained on Kingston Thumb Drive bearing serial number 203775042949 with seed words beginning with "camera," "into," etc.;

    bbb.    My Pet Hooligan 4824 Non-Fungible Token Maintained on Kingston Thumb Drive bearing serial number 203775042949 with seed words beginning with "camera," "into," etc.;

    ccc.    BoredApeYachtClub 3405 Non-Fungible Token Maintained on Kingston Thumb Drive bearing serial number 203775042949 with seed words beginning with "camera," "into," etc.;

all right, title and interest of the Defendant in the following Specific Property:

(a. through ccc., collectively, the "Specific Property");

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $105,045,109.67 in United States currency, representing the amount of proceeds traceable to the offense charged in Count Two of the Indictment that the Defendant personally obtained, the property involved in the offense charged in Count Three of the Indictment, and the value of adulterated or misbranded drugs charged in Count Four of the Indictment. The money judgment reflects proceeds generated by the offense conduct, not the Defendant's personal gain from the conduct;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, which constitutes proceeds traceable to the offense charged in Count Two of the Indictment the Defendant personally obtained, the property involved in the offense charged in Count Three of the Indictment, and the value of adulterated or misbranded drugs charged in Count Four of the Indictment;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count Two of the Indictment the Defendant personally obtained, the property involved in the offense charged in Count Three of the

Indictment, and the value of adulterated or misbranded drugs charged in Count Four of the Indictment, cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Edward Y. Kim, Acting United States Attorney, Assistant United States Attorneys Ryan B. Finkel and Nicholas W. Chiuchiolo, of counsel, and the Defendant and his counsel, Noam K. Biale, Esq., that:

1. As a result of the offenses charged in Counts Two through Four of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $105,045,109.67 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count Two of the Indictment the Defendant personally obtained, the property involved in the offense charged in Count Three of the Indictment, and the value of adulterated or misbranded drugs charged in Count Four of the Indictment, shall be entered against the Defendant.

2. As a result of the offenses charged in Counts Two through Four of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant RUI-SIANG LIN, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice

on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate

or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

        13.    The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

EDWARD Y. KIM
Acting United States Attorney for the
Southern District of New York

By: _____     12/16/24
RYAN B. FINKEL                            DATE
NICHOLAS W. CHIUCHIOLO
Assistant United States Attorney
26 Federal Plaza
New York, NY 10278
(212) 637-6612 / -1247

RUI-SIANG LIN

By: _____     12/16/24
RUI-SIANG LIN                             DATE

By: _____     12/16/24
NOAM K. BIALE, ESQ.                       DATE
Attorney for Defendant
90 Broad Street
New York, NY 10004

SO ORDERED:

_____          12/16/2024
HONORABLE COLLEEN MCMAHON                 DATE
UNITED STATES DISTRICT JUDGE
                                          2:15 pm