

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

November 21, 2025

**By ECF**
Hon. Colleen McMahon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *United States v. Rui-Siang Lin,* 24 Cr. 178 (CM)

Dear Judge McMahon:

    The defendant's October 24, 2025 motion to dismiss the Indictment (Dkt. 46 ("Mot."),) should be summarily denied because it relies on a false premise. Contrary to the defendant's assertions, and as Taiwan has recently made explicit, the defendant does not have, and has never had, diplomatic privileges and immunities in the United States, St. Lucia, or anywhere. Accordingly, the motion is meritless.

    **I.**    **Factual Background**

    The defendant was arrested on May 18, 2024 at John F. Kennedy International Airport in Queens, New York. The defendant arrived via a Jet Blue flight from St. Lucia where he had worked, as an IT employee, at Taiwan's Technical Mission in St. Lucia. (*See* Dkt. 45, Ex. D.) The Taiwan Technical Mission in St. Lucia is affiliated with the Taiwan International Cooperation and Development Fund, which is Taiwan's equivalent of a foreign aid agency. *See* https://www.icdf.org.tw/wSite/ct?xItem= 65066&ctNode=31739&mp=2 (last accessed Nov. 20, 2025). Prior to his arrest, the defendant had purchased tickets to fly from JFK to Singapore after a four-hour layover in Taipei, Taiwan on May 20, 2024. (*See* Dkt. 45, Ex. B.) Subsequent to his arrest at JFK, and following a *Miranda* warning, the defendant admitted he operated the online moniker "Pharoah" and thus was responsible for the operations of a $100 million-dollar online narcotics market named "Incognito."

    On December 16, 2024, pursuant to a plea agreement with the Government, the defendant pleaded guilty to Counts Two through Four of the Indictment. Sentencing is currently scheduled for January 22, 2026.

    Approximately ten months after his guilty plea, and for the first time, on or about October 14, 2025, defense counsel indicated to the Government that they intended to file a motion asserting that Lin is immune from this Court's jurisdiction. On October 24, 2025, the defendant filed the instant motion to dismiss the indictment for lack of subject matter jurisdiction, claiming that he possesses diplomatic immunity. That motion relies entirely on the assertion that, at the time of

Lin's May 18, 2024 arrest, he possessed diplomatic immunity under the terms of the Vienna Convention on Diplomatic Relations ("VCDR"). *See e.g.*, Mot. at 14 ("Mr. Lin was shrouded in diplomatic immunity at the time of his arrest, rendering his subsequent prosecution unlawful"); *see also id.* at 4 ("Because Mr. Lin had diplomatic immunity at the time of his arrest, the Court lacks subject matter jurisdiction and must dismiss the Indictment"); 10 ("The VCDR provides immunity from criminal jurisdiction to members of a diplomatic mission like Mr. Lin.").

Following the filing of the defendant's motion, the U.S. State Department, through the American Institute in Taiwan ("AIT"), requested that Taiwan authorities confirm whether the defendant possessed diplomatic privileges and immunities by virtue of his position in St. Lucia. On November 18, 2025, the Taipei Economic and Cultural Representative Office in the United States ("TECRO")[1] provided a response from the Taiwan Ministry of Foreign Affairs, which is attached hereto as Exhibit 1. The response states that:

> Lin did not and does not enjoy diplomatic privileges and immunities under the Vienna Convention on Diplomatic Relations or any other source of law in connection with his position with Taiwan's Technical Mission in St. Lucia or any other Taiwan entity.

Ex. 1.

## II. The Defendant's Motion Should Be Denied

### A. Lin Does Not Enjoy Diplomatic Immunity.

Lin argues this case should be dismissed because the VCDR affords him diplomatic immunity. The defendant is wrong. Lin does not have, and never had, diplomatic immunity. *See* Ex. 1.

Article 1 of the VCDR defines certain categories of persons in a diplomatic mission to whom the treaty applies. A "diplomatic agent" is "the head of the mission or a member of the diplomatic staff of the mission." VCDR Art. 1(e). The VCDR also confers certain protections to "staff of the mission employed in the administrative and technical service of the mission." VCDR Art. 1(f). Whether an individual falls into these categories, and therefore is entitled to immunity under the VCDR, is a decision made in the first instance by the sending state. *See* VCDR Arts. 7, 10. Thus, "[t]he Vienna Convention premise[s] diplomatic immunity upon recognition by the

---

[1] The United States and Taiwan have an unofficial relationship carried out under the auspices of AIT and TECRO, as authorized by the Taiwan Relations Act ("TRA"). 22 U.S.C. § 3301 *et seq*. Under the TRA, the President has the authority to accept TECRO as the entity capable of providing or rendering "any performance, communication, assurance, undertaking, or other action" on behalf of Taiwan. 22 U.S.C. § 3309(a). The President has determined that TECRO is the instrumentality for such purposes. Exec. Order No. 13014 § 2-203, 61 Fed. Reg. 42,963 (Aug. 15, 1996). The TRA further provides that U.S. Government agencies conduct programs, transactions, and other relations with Taiwan through AIT, in the manner and to the extent directed by the President. 22 U.S.C. § 3305(a).

receiving state, which requires notification from the sending state." *Ali v. Dist. Dir., Miami Dist., U.S. Citizenship & Immigr. Servs.*, 743 F. App'x 354, 358 (11th Cir. 2018) (internal quotation marks and citations omitted); *see also United States v. Lumumba*, 741 F.2d 12, 15 (2d Cir. 1984) ("the [VCDR], and the corresponding statute, 22 U.S.C. §§ 254a–254e, premise diplomatic immunity upon recognition by the receiving state."). "The purpose of diplomatic immunity, as stated in the Preamble to the Vienna Convention, 'is not to benefit individuals but to ensure the efficient performance of the functions of diplomatic missions as representing States.'" *Devi v. Silva*, 861 F. Supp. 2d 135, 140 (S.D.N.Y. 2012) (quoting VCDR Preamble, cl. 4). The defendant bears the burden to demonstrate immunity. *See* Mot. at 11 ("To establish *in transitu* immunity, Article 40 requires Mr. Lin to prove that he was [*inter alia*,] a diplomatic agent or member of the technical staff of a mission . . .").

TECRO's letter makes clear that Lin is not covered by the VCDR. He was not a "'diplomatic agent,' 'member of the administrative and technical staff,' . . . nor [held] any position under Article 1 of the [VCDR]." Ex. 1. Therefore, Taiwan never would have notified St. Lucia that Lin had immunity, and St. Lucia never could have recognized that Lin possessed "diplomatic privileges and immunities under the [VCDR] or any other source of law." Ex. 1. As status under the VCDR must be conferred by the sending entity (here, Taiwan), *and* recognized by the receiving entity (here, St. Lucia), Taiwan's view on Lin's lack of status is dispositive. *See* VCDR Art. 10; Eileen Denza, *Diplomatic Law: Commentary on the Vienna Convention on Diplomatic Relations*, (4th ed. 2016) (Ex. 2), at 273 (asserting in the context of immunity waivers that "diplomatic immunity belongs not to the individual but to the sending State")[2]. This Court should deny the defendant's motion on this basis alone.[3]

Further, and contrary to Lin's assertion, Lin's employment at Taiwan's Technical Mission in St. Lucia does not automatically confer upon him diplomatic privileges and immunities. *See Lumumba*, 741 F.2d at 15 (2d Cir. 1984) ("neither Lumumba nor anyone else is able unilaterally to assert diplomatic immunity."). Indeed, Lin appears to blur the distinction between Taiwan's Technical Mission in St. Lucia (where he worked), on the one hand, and Taiwan's Embassy in St. Lucia, on the other. *See* Mot. at 6 ("The VCDR provides immunity from criminal jurisdiction to members of a diplomatic mission like Mr. Lin."). That the location where Lin worked was named a "mission" does not mean it is a "*diplomatic mission[ ]*" to which the VCDR may apply. *See, e.g.*, VCDR preamble, Arts. 2, 3. Indeed the "mission" where Lin worked is affiliated with the Taiwan International Cooperation and Development Fund, which is Taiwan's

---

[2] "[C]ourts have . . . found Denza to be a persuasive resource in interpreting the diplomatic immunity provisions of the VCDR." *Swarna v. Al-Awadi*, 607 F. Supp. 2d 509, 517 (S.D.N.Y. 2009), *affirmed in part, and vacated in part on other grounds*, 622 F.3d 123 (2d Cir. 2010) (citing *Tabion v. Mufti,* 73 F.3d 535, 538 (4th Cir.1996) and *Logan v. Dupuis,* 990 F. Supp. 26, 29 (D.D.C. 1997).

[3] The defendant's motion suggests that Taiwan is required to "waive" immunity in order for this matter to proceed. *See* Mot. at 10 ("'Diplomatic agents 'may not be arrested, detained, prosecuted or sued *unless their immunity is waived by the sending state*.'" (emphasis added) (citation omitted); *see also* Dkt. 45 ¶ 4. But this is mistaken. Because Lin never had immunity, as Taiwan has confirmed, there is nothing for Taiwan to waive.

equivalent of a foreign aid agency. *See* https://www.icdf.org.tw/wSite/ct?xItem=65066&ctNode=31739&mp=2 (last accessed Nov. 20, 2025). By contrast, the "Embassy of the Republic of China (Taiwan) in St. Lucia" is the entity that appears to serve as Taiwan's diplomatic mission in St. Lucia. *See* https://www.taiwanembassy.org/lc_en/index.html (last accessed Nov. 20, 2025). The defendant has not shown that the Technical Mission was part of the embassy—and even if he had, TECRO's letter makes plain the defendant does not, and did not, enjoy VCDR protections.

      B. <u>Even if the VCDR Applies, Lin Would Not Possess *In Transitu* Immunity While Traveling to Singapore.</u>

Though the Court need not reach this issue, even if the VCDR applied to Lin, Lin would not have had *in transitu* immunity while traveling from St. Lucia to Singapore.

*In transitu* immunity is narrower than the defendant's motion asserts. Under the VCDR, Article 40(1) extends "inviolability and such other immunities" to a "diplomatic agent" while traveling through third countries in certain circumstances. Those specific instances are when the diplomatic agent is "proceeding to take up or return to his post, or when returning to his own country." VCDR Art. 40(1). When Lin was arrested on May 18, 2024, he was not doing any of those things. Lin was traveling, via layovers in New York and Taipei, to Singapore (where he does not live) to "visit the National University of Singapore." Mot. at 6. Specifically, Lin left St. Lucia for New York on May 18, 2024. (Dkt. 45 Ex. A.) Hours after landing in JFK, Lin was scheduled to fly to Taiwan Taoyuan International Airport to change planes, and fly to Singapore—just four hours after landing in Taiwan. (*See* Mot. at 6.) Thus, the travel that led to Lin's arrest was neither "to return from his post" nor to "return[ ] to his own country." VCDR Art. 40(1). Accordingly, even if Lin enjoyed diplomatic immunity—which he did not—Article 40(1) would not apply to Lin's May 18, 2024 travel, and he did not possess *in transitu* immunity when he was arrested.[4]

---

[4] In addition, Article 40(1) does not apply to "technical staff" like Lin. Mot. at 7. Rather, under Article 40(2) of the VCDR, "administrative and technical staff" are afforded a narrower set of protections during certain travel, which does *not* include immunity. *See* VCDR Art. 40(2) ("third States shall not hinder the passage of members of the administrative and technical [staff]"); *see Georges v. United Nations*, 834 F.3d 88, 92 (2d Cir. 2016) ("[w]here the language of . . . [a] treaty is plain, a court must refrain from amending it because to do so would be to make, not construe, a treaty." (citation omitted)).

**III.     Conclusion**

The defendant's motion should be denied.

Respectfully submitted,

JAY CLAYTON
United States Attorney

by: ___/s/_____
Nicholas Chiuchiolo
Ryan Finkel
Assistant United States Attorneys
Southern District of New York
(212) 637-1247 / -6612